IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MOHAMMED PEDRO WHITAKER, )
)
         Plaintiff, )
)
vs. ) Case No. 17-01047-CV-W-ODS
)
PAULINUS O. OKAFOR, )
)
         Defendant. )

### ORDER (1) DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTIONS IN LIMINE, AND (2) GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART DEFENDANT'S MOTIONS IN LIMINE

Pending are motions in limine filed by both parties. As set forth below, Plaintiff's motions (Doc. #94) are denied in part and granted in part, and Defendant's motions (Doc. #96) are granted in part, denied in part, and deferred in part. The parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and a party may reassert his objections at trial if he deems it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

### I. PLAINTIFF'S MOTIONS IN LIMINE
#### A. Plaintiff's Prior Felony Convictions

Plaintiff moves to exclude evidence of his prior felony convictions. While he concedes Rule 609(a)(1) of the Federal Rules of Evidence allows felony conviction to be admitted for impeachment, Plaintiff emphasizes admissibility of felony convictions is subject to Rule 403. He contends any probative value his felony convictions may have is substantially outweighed by the risk of unfair prejudice. In the alternative, Plaintiff asks that if the evidence of his felony convictions is admitted, the evidence be limited to the conviction and not include the details of the underlying crimes.

Defendant argues Plaintiff's "relevant conviction[s]" are for "three counts of firing a weapon from a motor vehicle resulting in injury and/or death," "ten counts of armed criminal action," and "seven counts of shooting from a motor vehicle." Doc. #101, at 1. Defendant argues these convictions are admissible, and they are "more probative than prejudicial because" they are "the bas[e]s that Plaintiff alleges the element of knowledge on the part of defendant." *Id*. Defendant argues Plaintiff must prove Defendant was aware of a substantial risk of an attack. Because Plaintiff contends "Defendant had knowledge of the risk due to his high-profile case and moniker as the 'Highway Shooter,'" Defendant argues "Plaintiff's prior conviction is directly connected to his allegations in the present case, exclusion of that conviction is improper…." *Id*.

It appears the only convictions Defendant purports to offer are those that resulted from the charges against Plaintiff that lead to his incarceration at the Jackson County Detention Center ("JCDC"), where the events giving rise to this lawsuit occurred. Accordingly, the Court limits its decision to those charges and resulting convictions. To the extent Defendant intends to offer evidence of other convictions, he must first raise the issue with the Court outside the jury's presence.

The Court denies Plaintiff's motion for the following reasons. The convictions are probative. They demonstrate, as Plaintiff alleges in his Third Amended Complaint, Defendant should have known Plaintiff's safety was at risk because of the nature of the charges against him. Doc. #37, at 5, 7-8, 13. If Plaintiff chooses to testify, Defendant is permitted to offer evidence of these convictions for impeachment only. Once admitted, the Court will give a limiting instruction, directing the jury to consider evidence of Plaintiff's crimes only to help the jury decide whether to believe him and how much weight to give his testimony. *See* 8th Cir. Manual of Model Civil Jury Instructions 2.10 (2019). Evidence of these convictions will not cause unfair prejudice to Plaintiff.

B.     Plaintiff's Disciplinary and Conduct Violations

Plaintiff moves to exclude evidence of disciplinary or conduct violations during his incarceration. He contends such evidence is not admissible under Rule 404(b)(1) of the Federal Rules of Evidence, which prohibits the use of "evidence of a crime, wrong, or other act…to prove a person's character in order to show that on a particular occasion

2

the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Plaintiff argues the evidence is not probative of any material issue, and thus, is not allowed under Rule 404(b)(2), which permits evidence of a crime, wrong, or other act "for another purpose, such as proving motive, opportunity, intent, preparation, plan…." Fed. R. Evid. 404(b)(2). Defendant does not oppose Plaintiff's motion unless "Plaintiff's character becomes an essential element of the claim or defense." Doc. #101, at 2.

The Court grants Plaintiff's motion. In the unlikely event Plaintiff's character becomes an essential element of a claim or defense, the Court will address the issue at that time.

## II. DEFENDANT'S MOTIONS IN LIMINE
### A. Conditions of Confinement

Defendant asks the Court to preclude evidence about the conditions of confinement at JCDC, such as leaving cell doors open for plumbing issues, misplacing keys, mishandling mail, and other allegations against JCDC that are not relevant to Plaintiff's claims. Defendant argues this evidence should be excluded because its admission would confuse the issues and mislead the jur.

Plaintiff opposes Defendant's motion, arguing his case involves the conditions of confinement at JCDC. Specifically, his "claims center on the policies, procedures, and practices of inmate safety in JCDC, and his allegations directly involve the improper opening of a cell door." Doc. #100, at 1. Thus, he argues any incident where cell doors were improperly opened or left open are relevant to his claims and should be allowed.

Plaintiff's claims pertain to a particular condition of confinement at JCDC – to wit, inmate safety as it relates to improper opening of cell doors. To the extent there are other instances where the cell doors were improperly opened and/or left open at JCDC, that evidence may be relevant to Plaintiff's claims. Furthermore, it is unclear how this evidence could mislead or confuse the jury. The Court denies Defendant's motion in limine regarding other instances where the cell doors were improperly opened and/or left open. Evidence of other conditions of confinement are not relevant to Plaintiff's claims; thus, the Court grants Defendant's motion as to other conditions of confinement.

3

B.  Punitive Damages

Defendant moves to exclude reference to, evidence of, or request for punitive damages.  He argues "there is no future conduct to deter" in that Defendant is no longer detained at JCDC, and Plaintiff stated in his Complaint that the wrongs were not continuing.  Plaintiff argues punitive damages are intended to punish the wrongdoer for his willful and malicious conduct and deter similar wrongful conduct in the future that may be directed at others.  Plaintiff maintains punitive damages are proper in this matter.  The Court denies Defendant's motion in limine.  However, the Court will not allow evidence relevant to punitive damages unless and until it has determined Plaintiff has established a submissible claim for punitive damages.

C.  Defendant's Disciplinary Issues Unrelated to Incident

Defendant seeks to preclude reference to and evidence about his disciplinary issues other than the incident alleged in Plaintiff's Complaint.  Since 2000, Defendant has been employed with JCDC, and during his employment, he has received warnings, was given letters of reprimand, and was recommended for suspension.  Defendant argues any probative value these disciplinary issues may have is substantially outweighed by unfair prejudice.  Regarding an incident in 2011, Defendant was reprimanded for accidentally opening multiple cell doors in the wrong unit.  He contends this reprimand should also be excluded because (1) Plaintiff alleges Defendant acted intentionally and maliciously and did not act accidentally; (2) the incident occurred more than three years before the incident in this matter; and (3) any probative value the reprimand may have is substantially outweighed by unfair prejudice.

Plaintiff claims he has not received all of the evidence to which Defendant refers in his motion.  Nevertheless, Plaintiff opposes the motion to the extent Defendant seeks to exclude the written reprimand for "opening multiple cell doors in the wrong unit" and any disciplinary issues involving Defendant "compromising the physical safety of inmates."  Doc. #100, at 3.  The incident in this matter involves Defendant opening another inmate's cell door, and thus, Plaintiff argues "[e]vidence of similar occurrences would be crucial and highly probative" and could "establish a pattern of misconduct relating to inmate safety."  *Id.* at 3-4.

Without additional information about the other disciplinary issues, the Court cannot decide this motion. While disciplinary matters involving Defendant's improper opening of cell doors in 2011 may be relevant, sufficient information is not provided. The same is true regarding Defendant's other disciplinary matters. Accordingly, the Court defers consideration of this motion in limine.

### D. Brandon Howell's Disciplinary Issues

In this matter, Plaintiff claims he was attacked by another inmate, Brandon Howell. Defendant asks the Court to bar evidence of Howell's disciplinary issues while detained at JCDC. According to Defendant, Howell has resided at JCDC for several years and has been involved in disciplinary issues. He argues "what Brandon Howell was disciplined for in 2007 is not relevant to whether or not Defendant Okafor violated Whitaker's constitutional rights." Doc. #96, at 3. He also argues the evidence would confuse the issues and mislead the jury. Plaintiff states he has no knowledge of the incidents to which Defendant refers, and he argues Defendant does not provide sufficient information for the Court to decide whether the evidence should be excluded.

The Court agrees with Plaintiff. Sufficient information has not been provided for the Court to decide this motion. Accordingly, the Court defers consideration of this motion.

IT IS SO ORDERED.

DATE: December 2, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT