IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MOHAMMED PEDRO WHITAKER,         )
                                 )
           Plaintiff,            )
                                 )
vs.                              )     Case No. 17-01047-CV-W-ODS
                                 )
PAULINUS O. OKAFOR,              )
                                 )
           Defendant.            )

ORDER GRANTING DEFENDANT'S MOTION TO AMEND
RESPONSES TO FIRST REQUEST FOR ADMISSIONS

Pending is Defendant's motion to amend his responses to Plaintiff's First Request for Admissions. Doc. #124. For the following reasons, the motion is granted.

## I.   BACKGROUND

Plaintiff, who was pro se at the time, served his First Request for Admissions ("First Requests") and Second Request for Admissions ("Second Requests") in November 2018. Doc. #47; Doc. #50; Doc. #50-1. In December 2018, Defendant served responses to the Second Requests but did not serve responses to the First Requests. Doc. #53.[1] On December 31, 2018, Plaintiff filed a "Notice" stating, among other things, Defendant did not respond to the First Requests. Doc. #54. Defendant did not respond to Plaintiff's filing.

Nearly a year later, Defendant moved to withdraw his responses to the Second Requests. Doc. #114. The Court denied the motion because Defendant timely responded to the Second Requests; thus, the motion was unnecessary. Doc. #118. But the Court found Defendant failed to timely respond to the First Requests, and therefore, the matters in the First Requests were admitted.

In the same Order, the Court asked the parties to provide briefing on the treatment of those requests in the First Requests that were similar to requests in the

---

[1] Although the certificate of service indicated responses to the First Requests were served, Defendant served responses to the Second Requests. Doc. #118, at 4.

Second Requests. On January 29, 2020, the parties filed their briefs. Docs. #123-24. Included in Defendant's brief was a request for leave to amend his responses (or more accurately, non-responses) to Plaintiff's First Requests. Doc. #124. Plaintiff opposes Defendant's request. Doc. #127.

## II. DISCUSSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* Under Rule 36(b)'s two-prong test, this Court must consider the "effect upon the litigation and prejudice to the resisting party[,] rather than focusing on the moving party's excuses for an erroneous admission." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (internal and other citations omitted).

### A. Effect Upon Litigation

Under the first prong, the Court must consider whether allowing Defendant to amend his responses to the First Requests would "subserve[ ] the presentation of the merits" in this matter. *Prusia*, 18 F.3d at 640 (citation omitted). Allowing an "erroneous admission to stand" denies a party "the opportunity to have the merits of its claims considered." *Id.* Consequently, allowing a party to amend responses to requests for admission, thereby eliminating the erroneous admissions, allows the case to be heard on the merits. *Id.* (citation omitted). Moreover, "if the record demonstrates that the 'admitted' facts are contrary to the actual facts," allowing a party to amend his response to a request for admission "is in the interests of justice." *Id.* at 641 (citation omitted).

If the Court were to deny Defendant's request to amend his responses to the First Requests, the following admissions, among others, would be permitted: (1) Defendant failed to check Plaintiff's cell door before opening another inmate's cell door; (2) he "possessed no information or knowledge indicating" Plaintiff "was safely secured inside of his cell"; (3) he saw Plaintiff "walking around Module 7D right before" he

opened another inmate's cell; (4) he "did not intervene physically" or "stop the attack" on Plaintiff; and (5) the attack lasted "several minutes." Doc. #123-1, at 4-7. If the Court allowed these admissions to stand, this case would not be decided on the merits. Any defense to Plaintiff's claims would be limited, if not eliminated.

In addition, these admissions are contrary to Defendant's responses to the Second Requests. Therein, Defendant denied, *inter alia*, (1) he did not look, check to see, or ascertain if Plaintiff's cell door was open before he opened another inmate's cell door; (2) he did not have information indicating Plaintiff was "safely secured within cell #1"; (3) he did not check to see if Plaintiff's cell door was open; (4) he knew Plaintiff's cell door was open when another inmate's cell door was opened; (5) he "did not break the fight up, did not stop the assault, and did not contain or control the situation"; and (6) the fight lasted "several minutes." Doc. #114-1, at 3-9, 12. The "admitted" facts in the First Requests are contrary to Defendant's denials in the Second Requests. The interests of justice will not be served if the Court binds Defendant to admissions that he denied in his timely responses to the Second Requests. Rather, allowing Defendant to amend his responses to the First Requests serves the interests of justice.

For the foregoing reasons, the Court finds the first prong of the Rule 36(b) test weighs in favor of granting Defendant's motion to amend his responses to the First Requests.

### B.  Prejudice

"The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Prusia*, 18 F.3d at 640 (citations and internal quotations omitted). "[T]he prejudice contemplated by [Rule 36(b)] 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Manatt v. Union Pac. R.R. Co.*, 122 F.3d 514, 517 (8th Cir. 1997) (citation omitted). "The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient." *Prusia*, 18 F.3d at 640 (citations omitted); *Manatt*, 122 F.3d at 517 (citation omitted). The party opposing the request to amend "has the burden of proving that an

3

amendment would prejudice him." *Id.* (citations omitted); *see also Bryant v. Laiko Int'l Co.*, No. 105CV00161 ERW, 2006 WL 2788520, at *3 (E.D. Mo. Sept. 26, 2006) (citations omitted).

Plaintiff argues he "would suffer severe prejudice" if Defendant is allowed to amend his responses because trial begins on February 24, 2020, exhibits have been selected, witnesses have been subpoenaed, and legal theories have been settled based on Defendant admitting the matters in the First Requests. Doc. #127, at 3. Plaintiff also argues the amendment "would be prejudicial and unfair" because more "over a year has passed since Plaintiff first notified Defendant of his failure to respond and trial is now imminent." *Id.*

Plaintiff, however, does explain any difficulty he may face to proving his case if the Court grants Defendant's request for leave to amend. *See Manatt*, 122 F.3d at 517. Further, Plaintiff does not indicate what evidence he will need to obtain if the Court grants the relief Defendant seeks. Finally, the Court notes Defendant's responses to the Second Requests provided many of the admissions or denials sought in the First Requests. Thus, since December 2018, Plaintiff has known what Defendant's responses to similar requests or areas of inquiry were. Simply, Plaintiff has not demonstrated he would be prejudiced if the Court grants Defendant leave to amend.

Accordingly, the Court finds the second prong of the Rule 36(b) test weighs in favor of granting Defendant's motion to amend his responses to the First Requests.

### C. The Court's Discretion

Finally, Plaintiff asks the Court to exercise its discretion and deny Defendant's motion based on the "extreme circumstances" presented. Doc. #127, at 4. Rule 36(b) is permissible; the Court "may" permit the amendment of admissions even if both prongs of the Rule 36(b) test are met. Fed. R. Civ. P. 36(b). Although not dispositive, some courts have considered the moving party's failure to show good cause for the delay. *See Santander Bank, N.A. v. Moody Leasing Co.*, No. 4:14-CV-891-DGK, 2016 WL 3167259, at *3 (W.D. Mo. June 6, 2016); *Edeh v. Equifax Info. Servs., LLC*, 295 F.R.D. 219, 226-27 (D. Minn. 2013) (citations omitted); *Payne v. Peter Kiewit Sons, Inc.*, No. 8:06CV686, 2007 WL 4320673, at *5 (D. Neb. Dec. 6, 2007) (citation omitted).

The Court does not condone Defendant's lack of diligence in seeking leave to amend his responses to the First Requests. Defendant should have timely responded to Plaintiff's First Requests. In the alterative, upon receipt of Plaintiff's December 2018 notice stating Defendant failed to timely respond to the First Requests, Defendant should have sought leave to amend his responses. Finally, Defendant could have sought leave in December 2019 when the issue was raised again by Plaintiff. While not an excuse for Defendant's failure to timely respond to the First Requests or seek leave to amend, the Court notes Defendant's counsel changed in October 2018, April 2019, May 2019, and December 2019. Docs. #40, 42, 73, 80,116-17. Moreover, there is no indication that Defendant or his counsel engaged in improper conduct or dilatory behavior. And, contrary to Plaintiff's argument, the circumstances before the Court are not "extreme."

The Court finds the interests of justice are served by granting Defendant leave to amend his responses to the First Requests. The Court also concludes Plaintiff has not demonstrated he would be prejudiced by Defendant's amended responses to the First Requests. Finally, the Court is not persuaded that other circumstances in this matter outweigh the interests of justice and the lack of prejudice.

### III.     CONCLUSION

Based on the foregoing, the Court grants Defendant's motion for leave to amend his responses to Plaintiff's First Requests. The Court deems Defendant's amended responses to Plaintiff's First Requests (Doc. #124-1), which were filed with his motion for leave to amend, as served.

IT IS SO ORDERED.

DATE: February 12, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT